# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GODDARD SYSTEMS, INC.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **LISA LEIGH OVERMAN** | : | **No. 12-5368** |

Norma L. Shapiro, J.                                                                       January 14th, 2013

## MEMORANDUM

Before the court is defendant's motion to dismiss for improper venue under Rule 12(b)(3). Plaintiff Goddard Systems, Inc. alleges that defendant Overman has misappropriated plaintiff's business opportunity, trade secrets, and proprietary information. Plaintiff brings claims for tortious interference with existing contractual relations, tortious interference with prospective contractual relations, unjust enrichment, and unfair competition.

The motion to dismiss for improper venue will be denied.

## I. Background

Plaintiff Goddard Systems, Inc. ("GSI") is a Pennsylvania corporation with its principal place of business in King of Prussia, Pennsylvania. Defendant Overman is an individual citizen residing in Jacksonville, Florida.

Plaintiff is the franchisor of The Goddard School businesses, which offer preschool early education programs for children. Compl. ¶ 8. GSI has developed a proprietary operating system (the "Goddard System") consisting of design standards and specifications, business information, curricula, marketing materials, identification schemes, training programs, management programs, accessories, and

GSI-approved equipment. Compl. ¶ 9. Through years of experience, GSI has developed a proprietary system, trade secrets, and unique methods of early childhood education and has a unique and uniform system relating to the operation of franchised Goddard Schools. Compl. ¶ 11. GSI provides its franchisees with extensive training and hands-on assistance and support in establishing and running the franchised schools. Compl. ¶ 17. Each individual franchisee is given two to three weeks of training before his or her Goddard School opens. Compl. ¶ 18. After the school has opened, GSI provides additional training and support, both in person and by telephone. Compl. ¶ 18. GSI also provides its franchisees with its Confidential Operating Manual, Health & Safety Manual, Curriculum Manual, and other materials, all of which contain GSI's trade secrets and confidential and proprietary information. Compl. ¶ 18.

On January 25, 2010, defendant Overman, Overman's brother (William Register, Jr.) and his wife (Christina Register), and Overman's parents (William Register, Sr. and Carolyn Register), entered into a Franchise Agreement with GSI under which Overman and the Registers were to operate a Goddard School in Jacksonville, Florida. Compl. ¶ 19. The franchisees agreed in the Franchise Agreement that they would not divulge or use for the benefit of any other person any material in which GSI claims copyright protection, trade secrets, or confidential information. Compl. ¶ 21-24. Overman and William Register, Jr. attended GSI's two-week training at GSI's headquarters in King of Prussia, Pennsylvania in January 2010. Compl. ¶ 21. GSI alleges that while at the training, Overman and

William Register, Jr. received their copy of GSI's Confidential Operating Manual. Compl. ¶ 21.

In early 2010, Overman and William Register, Jr. informed GSI that Overman would fill the position of Educational Director of the Jacksonville Goddard School. Compl. ¶ 25. Under the Goddard System, the Educational Director cannot also be a franchisee. Compl. ¶ 25. Accordingly, the franchisees requested that Overman be removed as a franchisee from the Jacksonville Franchise Agreement. Compl. ¶ 25. At the same time, they requested that Overman's parents be removed from the Jacksonville Franchise Agreement because their financial guaranty was no longer required and they would not be participating in the operation of the school. Compl. ¶ 26. On February 1, 2010, the franchisees and GSI executed an Addendum to Franchise Agreement and Release ("Addendum and Release") removing Overman, William Register, Sr., and Carolyn Register from the Franchise Agreement as franchisees. Compl. ¶ 27. The Addendum and Release terminated "all rights and obligations between Lisa Overman . . . and GSI arising from or related to the Franchise Agreement." Compl. Ex. 1, at 1. On February 9, 2010, William Register, Jr., Christina Register, GSI, and Heritage Childcare – Pablo Pines LLC (HCPP), an entity owned and controlled by William Register, Jr. and his wife, executed an Assignment and Assumption Agreement under which the Registers assigned all of their rights and obligations under the Franchise Agreement to HCPP. Compl. ¶ 28. Overman has acted as the Educational Director for the Jacksonville Goddard School since 2010.

Another franchised Goddard School in Fleming Island, Florida closed in June 2011 and has remained closed since that time. Compl. ¶ 29. Shortly after the Fleming Island Goddard School closed, Overman, acting in her capacity as Educational Director of the Jacksonville Goddard School, and William Register, Jr. expressed an interest in acquiring the franchise to operate the Fleming Island Goddard School. Compl. ¶ 31. In August 2011 and again in June 2012, Overman, representing that she was acting in her capacity as Educational Director of the Jacksonville Goddard School and in furtherance of an investigation by her franchisee-employer regarding the purchase of a second franchise, requested and received valuable proprietary and trade secret demographic information from GSI regarding the area of the Fleming Island Goddard School. Compl. ¶ 32-33. In June 2012, William Register, Jr. also independently requested and received the same demographic information. Compl. ¶ 32-33.

On September 5, 2012, William Register, Jr. advised GSI that Overman was considering opening an independent preschool at the location of the Fleming Island Goddard School. Compl. ¶ 35. On September 7, 2012, Overman confirmed to her brother that this was her plan and gave notice that she would be leaving her position at the Jacksonville Goddard School. Compl. ¶ 35.

Plaintiff alleges that Overman engaged in a scheme to usurp a business opportunity owned by her franchisee-employer. Compl. ¶ 30. Plaintiff alleges that Overman's involvement with the independent school will entail use and disclosure of the confidential and proprietary Goddard System. Compl. ¶ 37. GSI claims that

4

Overman's conduct tortiously interfered with and breached her obligations under the Franchise Agreement not to divulge or use GSI's trade secrets for the benefit of any other person . Compl. ¶ 38.

Both the Franchise Agreement and the Addendum and Release contain forum selection clauses. The Franchise Agreement states:

> You acknowledge that you have and will continue to develop a substantial and continuing relationship with us at our offices in the Commonwealth of Pennsylvania, where our decision-making authority is vested and franchise operations are conducted and supervised. Except for our right to obtain injunctive relief in any appropriate forum, any action arising out of or relating to this Agreement shall be commenced, conducted and concluded only in a state or federal court of general jurisdiction in the Commonwealth of Pennsylvania for the district or county in which our headquarters are then located. You irrevocably submit to the jurisdiction of these courts, waive any objection you may have to either the jurisdiction or venue of these courts and agree not to argue that these courts are inconvenient forums.

Compl. Ex. 2, at 16. The Addendum and Release contains a similar clause. *See* Compl. Ex. 1, at 2-3.

In her motion to dismiss, defendant denies that she engaged in a scheme to usurp her franchisee-employer's business opportunity. Defendant claims that before working for the Jacksonville Goddard School, she had previously opened and operated a childcare center in Jacksonville, Florida. Mem. Supp. Mot. Dismiss ¶ 4. Defendant has also earned a Master's Degree in Childhood Education Administration and claims to have 20 years of experience in the field of early childhood education. *Id.* at ¶ 5. Defendant claims to have independent knowledge

and experience necessary to run the Fleming Island school and states that she has not used and does not plan to use any GSI copyrighted materials. *Id.* at ¶ 11-12.

## II. Legal Standard

When deciding a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true the allegations in the complaint, although both parties may provide additional facts in support of their positions. *MacKay v. Donovan*, 747 F. Supp. 2d 496, 502 (E.D. Pa. 2010). Any factual conflicts are resolved in favor of the plaintiff. *Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation, LLC*, No. 08-cv-4503, 2009 WL 129740, at *1 (E.D. Pa. 2009). The movant has the burden of establishing that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).

> The venue statute establishes that an action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). However, unlike jurisdiction, venue can be waived. Where parties contractually agree to a forum selection clause, the parties' choice of forum is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes that (1) "it is the result of fraud or overreaching," (2) "enforcement would violate a strong public policy of the forum," or (3) "enforcement

would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).

## III. Discussion

The Eastern District of Pennsylvania is a proper venue for this action if either an enforceable forum selection clause applies to this action or venue is appropriate under 28 U.S.C. § 1391(b). Venue is proper here for both reasons.

Defendant argues that the Addendum and Release terminated her obligations under the Franchise Agreement. She argues that the forum selection clause in the Addendum and Release does not apply because this action is unrelated to that contract.

The forum selection clause in the Addendum and Release is broad and covers any action "arising out of or relating to this Addendum." Compl. Ex. 1, at 2. The contract states that "[t]he Registers and Overman agree that these courts represent the most convenient forum for the parties to litigate *any disputes* between them. Accordingly, the Registers and Overman . . . irrevocably waive any objection they may have to either the jurisdiction or venue of such courts." Compl. Ex. 1, at 2-3 (emphasis added). "Although the scope of a forum-selection clause depends on the . . . language of the clause, courts have generally held that a forum-selection clause applies to tort and other non-contract claims that require interpretation of the contract or otherwise implicate the contract's terms." *TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 536 (E.D. Pa. 2010). This action

7

will require inquiry into the effect of the Addendum and Release. The court may have to decide whether the contract released all defendant's confidentiality obligations. Overman has not argued that the forum selection clause is unenforceable due to fraud, public policy, or unreasonable inconvenience. The forum selection clause is broad enough in scope to cover this action. Overman has waived any objection to venue.

Venue is also proper in this court if "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of Pennsylvania. 28 U.S.C. § 1391(b)(2). It is not necessary that the central or most important events giving rise to the claim occurred in this district, only that "a substantial part" of the events occurred here.

In *Paul Green School of Rock Music Franchising*, the plaintiff alleged unfair competition, unjust enrichment, and misappropriation of trade secret claims. 2009 WL 129740, at *1. The plaintiff, a Pennsylvania company, alleged that the defendant, a California company, had conspired with plaintiff's franchisees to take confidential and proprietary information and give it to the defendant. *Id.* The defendants moved to dismiss the action for improper venue. *Id.* The court found that venue was proper in the Eastern District of Pennsylvania because at least some of the trade secrets at issue had a situs in Pennsylvania. *Id.* at *2. When the trade secret was allegedly used by the defendant in California, "the secret was, in

8

effect, misappropriated from Eastern District of Pennsylvania." *Id.* The court held that venue was proper here because of this important contact. *Id.*

The events underlying this action have more connection to this district than did the events giving rise to the *Paul Green* action. Overman received two weeks of training in Pennsylvania and, according to the plaintiff, received GSI's Confidential Operating Manual here. Any further support that GSI provided to the Jacksonville Goddard School would have originated from GSI's headquarters in Pennsylvania. In August 2011 and again in June 2012, Overman requested demographic and market information regarding Fleming Island from the GSI offices in Pennsylvania and they were sent to Overman from that office. The trade secrets that Overman has allegedly misappropriated have their situs in Pennsylvania. *See Harry Miller Co. v. Carr Chem Inc.*, 5 F. Supp. 2d 295, 298 n.1 (E.D. Pa. 1998) ("Unlike trademarks, which seem to have no real situs, trade secrets have a situs in their state of origin."). Even though Overman allegedly intends to use the misappropriated trade secrets in Florida, she learned those secrets in Pennsylvania and allegedly misappropriated them from here. Venue would be proper in the Eastern District of Pennsylvania under the statute, even if the forum selection clause in the parties' contract were not applicable.

**IV. Conclusion**

The motion to dismiss for improper venue will be denied. An appropriate order follows.